EreemaN, J.,
delivered the opinion of the Court.
The bill is filed by Latham, administrator of ¥m. Martin, deceased, against Blakemore, administrator of James Adams. It alleges that William Martin, complainant’s intestate, and Adams, defendant’s intestate, were executors of Thomas Martin, and that about $10,000 of assets of Thomas Martin’s estate came to the hands of William, and about $8,000 was received by Adams, and that Adams had loaned Newlin about $1,000 of the assets of Thomas Martin’s estate, and his administrator, Blakemore, had recovered a judgment for the same; that Adams’ estate is insolvent, and this judgment, if collected, will go to the general creditors of Adams, and the rights of complainant’s intestate’s estate be prejudiced thereby.
Admitting all the allegations of the bill to be true, no relief could be given complainant in this case.
If his intestate’s estate shall be prejudiced at all, it must be because of the wrongful act of his co- *278 executor and trustee, Adams, in the use of the trust funds, and of complicity in such wrongful use by complainant’s intestate.
No resulting trust or other right can arise out of such facts in favor of the party thus threatened with liability;
If 'the administrator de bonis non — or distribu-tees of Thomas Martin — were seeking this relief, there would be, probably, good grounds for the action of the Court in their favor, but certainly none in favor of complainant in this bill. We do not go into the evidence in this case, because it can do no more than prove the allegations of the bill, and if all proven, the complainant would be entitled to no relief.
The decree of the Chancellor will be reversed, the bill dismissed, and costs of this Court and the Court below paid by the complainant and his sureties for the prosecution of his suit